IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT HAYNES BRYANT            )
                               ) No. 19-206
    v.                         )

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff is proceeding pro se in this action. Plaintiff filed an application for disability insurance benefits in 2015, claiming an onset date of December 31, 1987. His date last insured was June 30, 1989. The claim was denied initially, and upon video hearing before an Administrative Law Judge ("ALJ"), at which Plaintiff also proceeded pro se. The Appeals Council denied his request for review. Before the Court are the parties' submissions, which will be construed as Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." <u>Consolo v. Fed. Maritime Comm'n</u>, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); <u>Richardson</u>, 402 U.S. at 390.

      A district court cannot conduct a <u>de novo</u> review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  <u>Palmer v. Apfel</u>, 995 F.Supp. 549, 552 (E.D. Pa. 1998); <u>S.E.C. v. Chenery Corp.</u>, 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." <u>Brunson v. Astrue</u>, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

      Pertinent here, <u>pro se</u> submissions are to be construed liberally. <u>Ray v. Colvin</u>, 2014 U.S. Dist. LEXIS 25891, at *12 (D.N.J. Feb. 28, 2014). Where a claimant is <u>pro se</u>, the ALJ has a heightened duty to help develop the administrative record, and "must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." <u>Reefer v. Barnhart</u>, 326 F.3d 376, 380 (3d Cir. 2003); <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 407 (3d Cir. 1979).

## II.     THE PARTIES' MOTIONS

Plaintiff assigns no particular error to the ALJ's decision. His handwritten submission and the proceedings below identify several conditions, including mesentery organ due to paternal chromosomal mutigenic exposure to DDT pesticide; global cortical atrophy; Parkinson's disease; and antinuclear antibodies (allegedly discovered via positive test in October 2019). The Court has reviewed the decision against the entire record.

Initially, I note that the ALJ explained to Plaintiff his right to counsel, that he could obtain counsel without paying, and explained, more than once, that the proceeding could be adjourned in order for Plaintiff to find counsel. See, e.g., Morris v. Comm'r of Soc. Sec., No. 17-757-KM, 2018 U.S. Dist. LEXIS 6038, at *13 (D.N.J. Jan. 12, 2018). Plaintiff elected to proceed pro se.

At the 2018 video hearing, the ALJ was tasked with assessing Plaintiff's condition prior to Plaintiff's date last insured of June 30, 1989. The ALJ stated: "The claimant is attempting to prove disability during an 18-month timeframe that occurred nearly three decades earlier. …likely due to the temporal remoteness of the claimant's claim, the documentary evidence reflects little evidence prior to the claimant's day last ensured." The ALJ reviewed the evidence, and arrived at a residual functional capacity of light work, with ready access to a restroom. I sympathize with Plaintiff's testimony regarding his many difficulties and challenges. Under the restrictive review that lies within my authority, however, I perceive no particular error in the ALJ's approach. Plaintiff's Motion must be denied, and Defendant's granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows

3

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: July 23, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT HAYNES BRYANT          )
                             ) No. 19-206
    v.                       )

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this _____ day of July, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court